

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **Larry G. Wallace, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **Civil Action No.:** |
| | ] | **6:20-cv-2083-LSC** |
| **Jenmar, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

## ALND UNIFORM INITIAL ORDER
## GOVERNING ALL FURTHER PROCEEDINGS

---

### *PLEASE TAKE NOTICE:*

**All parties must thoroughly review the provisions of this order, which shall govern all proceedings in this action, unless subsequently modified by written order for good cause shown.**[1]

---

## I. DUTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

The parties are reminded of their obligations under Federal Rule of Civil Procedure 26(f) to confer, as soon as practicable, but in no event later than thirty (30) days from the first appearance of a defendant, for the purposes of considering the

---

[1] By appearing in this case and practicing in this court, each attorney or pro se party certifies to this court that he or she has read and is prepared to fully comply with this court's local rules.

nature and basis of their claims and defenses; the possibilities for a prompt settlement or resolution of the case; to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1); to develop a proposed discovery plan that indicates the parties' views and proposals concerning all of the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f); and in appropriate cases, to consider whether to consent to the exercise of Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

If the parties are unable to agree upon a date, time, or place for such conference, the parties are hereby ORDERED to meet at 10:00 a.m. on the last Friday falling within the thirty day period in the chambers of the undersigned judge.  If use of the court's chambers is required, counsel should telephone chambers at least seven days prior to the required meeting to advise the court.  If a party is proceeding without counsel, the obligation to telephone chambers rests upon counsel for the opposing party.

## A.    Form of Report

The court expects a report of the parties' planning meeting, in the general format of the USDC ND Ala. Form 35 or Fed. R. Civ. P. Appendix Form 52 to be jointly filed with the Clerk of Court by the parties within fourteen (14) days after the meeting.  Should the parties disagree about an item, the positions of the parties as to that item should be clearly set forth in separate paragraphs.

The report also should contain a synopsis of the case advising the court of the

general claims and defenses of the parties.  When preparing the report, be aware that the case should be ready for trial within twelve (12) months from the date of service of the complaint unless extraordinary circumstances exist.  Note that the burden lies on the parties to explain why the case cannot be tried within that time frame.

Upon receipt of the report, the court may enter a scheduling order without conducting a separate Rule 16(b) scheduling conference.  The parties should notify the court if they believe a Rule 16(b) conference is necessary.

**B.      Compliance with HIPAA**

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when "protected health information" is relevant to the claims or defenses presented in an action, the party seeking such "protected health information" shall present a valid authorization at the Rule 26 planning meeting to be executed by the party from whom such "protected health information" is sought.  The parties shall include in their report a deadline (specific date) by which the authorization will be executed.  Alternatively, the parties may present to the court a "qualified protective order" in substantially the form attached to this order as **Appendix I**, to be entered by stipulation of counsel for all parties.

**C.      Suitability of Action for Alternative Dispute Resolution**

All parties should give early consideration to the possibility of settlement to

avoid unnecessary costs and fees. The court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at an early date. The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.

If any party thinks that a settlement conference with the court at any stage would be conducive to settlement, that party may make a written request that the court conduct such a conference. The results of all these discussions shall be included in the report of the parties' planning meeting to be filed with the court.

Each attorney is directed to immediately forward a copy of the Initial Order to his or her client. Plaintiff(s)' attorney(s) are **ORDERED** to immediately discuss the feasibility of settlement with Defendant(s)' attorney(s).

## D.    Commencement of Discovery

The parties are authorized to commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 immediately after the required report has been filed. In cases removed from state court in which any discovery requests were filed before such removal, those discovery requests shall be deemed to have been filed on the date the report required by Fed. R. Civ. P. 26(f) is filed in this court.

The parties may elect, but are not required, to file discovery notices, requests and responses with the Clerk of Court. Even if the discovery notice or request is filed

with the Clerk of Court, the discovery response does not have to be filed.  Counsel are reminded to review the court's Administrative Procedures Manuals for electronic filing (on the court's website) for the importance of redacting or sealing personal identifiers (e.g., Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

### E.    Dismissal of Non-Served Defendants

*Take Notice*:  Any defendant who has not been served with a summons and complaint within 120 days after the filing of the complaint (or within 120 days after the party was added to the action) *may be dismissed without further order of the court unless* prior to such time the party on whose behalf such service is required shows good cause why service has not been perfected.

### F.    Hand Deliveries

If counsel wishes to provide the court with a courtesy copy of a motion or brief, or if an order of this court requires submission of a copy in addition to the original, such copy shall be clearly identified as a "courtesy copy" and hand delivered <u>or</u> mailed to the court's chambers at United States District Court, Federal Building and Courthouse, 2005 University Boulevard, Tuscaloosa, AL 35401. Fax copies are not accepted.

### G.    Electronic Submissions

Since January 3, 2005, the official record of the court has been the electronic docket maintained pursuant to CM/ECF.  Except in extraordinary circumstances, all filings shall be consistent with the court's Administrative Procedures Manuals for civil and criminal cases.  Attorneys are required to register for electronic filing and service through the "Attorney Registration" link on the court's website, www.alnd.uscourts.gov.  Once an attorney has so registered, his or her registration becomes permanent, and he or she is not required to re-register in each individual case.  Documents filed through CM/ECF must be in pdf (Portable Document Format).

As part of the CM/ECF system, the court has established a "chamber's email address" for each judicial officer.  The address for the undersigned judge's chambers is coogler_chambers@alnd.uscourts.gov.  This chambers email address has been established to enable counsel to submit proposed orders or other requested documents to the judge in WordPerfect or Word format, or otherwise to communicate with the judge on **matters directly related to a case**.  **Non-case-related communications should NOT be sent to the chambers email address**.  Ex parte communications are not acceptable; all communications to the chambers email address must show a copy to all opposing counsel or pro se parties.  Counsel should send communications to the chambers email address only if the court is being requested to do something; counsel should not copy the chambers email address with communications, arguments, debates or other matters occurring solely between counsel.

## II. ATTORNEY FEE SHIFTING CASES

If a party anticipates that during or upon the completion of this action it may for any reason (other than as a sanction under the Federal Rules of Civil Procedure) seek an award of attorneys' fees from the opposing party pursuant to any statute or other law, the party must, with the exception of cases pending before Judge William M. Acker, Jr., comply with the following requirements as a precondition to any such award:

(a)     Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (i.e., not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference).

(b)     If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above.

(c)     Counsel is **DIRECTED** to review and verify all attorney and non-attorney time records no less than once per month.

(d)     Although the court does not require counsel to file a copy of the time records prior to a request for a fee, counsel may file with the clerk of the court either a copy of the time record referred to in (a) above, or a separately prepared document setting forth the information described in (a) above.  If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case.  If counsel elects to file time reports, the material filed  may be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon.  However, if the material

is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order the seal will be lifted as to all attorney fee materials filed under seal.

(e)    A Petition for Attorney Fees shall be accompanied by Counsel's Certification that   all time records are accurate; that such records were prepared contemporaneously with the     performance of the work for which the fees are claimed; and that Counsel reviewed and      verified all attorney and non-attorney time records no less frequently than once per month.

> *Take Notice*:  **Failure to comply with the foregoing requirements will normally result  in attorneys' fees being disallowed.**

## III. CASES THAT REQUIRE EEOC CHARGES

If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission or similar agency is required as a prerequisite to suit, then the **PLAINTIFF(S) MUST** file with the Clerk of Court at the time of filing the disclosures required by Fed. R. Civ. P. 26(a)(1):  (**A**) a copy of all charges of discrimination filed with the EEOC and which form the bases of the action; *and* (**B**) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

## IV. MOTION PRACTICE

### A.    Summary Judgment Motions

Any motion(s) for summary judgment filed in this action ***must comply*** with ***all***

requirements of **Appendix II** to this order.

## B.     Motions (Other than Dispositive Motions and Motions to Remand)

Prior to filing any motion (other than a dispositive motion or a motion to remand) in this case, moving counsel shall contact the opposing counsel and determine if  counsel will oppose the motion.  All motions SHALL include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed."  The first paragraph **SHALL** briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement.

## C.     Motion of Counsel to Withdraw

Once an attorney has appeared as counsel for a party, *he or she may not withdraw from the action merely by filing a* "notice of withdrawal," but must file a motion seeking permission of the court to do so, explicitly stating the grounds therefor.   Any motion to withdraw which, if granted, would leave a party unrepresented by counsel **must** include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court.  The motion **must** also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

## D.     Type Size

The court requires all documents created by counsel for submission to the court

to be in 14 point type, except that footnotes may be in 12 point type.

Done this <u>4th</u> day of <u>January, 2021</u>.

L. Scott Coogler
United States District Judge

173538

# APPENDIX I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
_____ DIVISION

| | | |
|---|---|---|
| AAA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Civil Action No. ___ |
| | ) | |
| BBB, | ) | |
| | ) | |
| Defendant(s). | ) | |

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable

discovery provisions of the Federal Rules of Civil Procedure and the orders of this

court, to obtain from any health care provider, health plan, or other entity covered by

the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-

191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past,

present, or future medical condition of any individual who is a party to this action (or

the decedent or ward of a party who sues in a representative capacity), as well as any

and all information relating to the provision of health care to such individual and

payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena

requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this _____ day of _____, 20__.


_____
United States District Judge

# APPENDIX II

## SUMMARY JUDGMENT REQUIREMENTS

---

### NOTICE

This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. **These instructions *must* be followed explicitly**. **Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken**.

---

### SUBMISSION DATES

The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline. The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed. The movant's reply submission shall be filed no later than 11 days after the date on which the opponent's responsive submission was due.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to

opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## SUBMISSIONS

The parties' submissions in support of and opposition to summary judgment motions must consist of:  (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies.  More detailed requirements for these submissions are explained in the following sections.

## REQUIREMENTS FOR BRIEFS

**A.      Format**

Initial and response briefs are limited to thirty pages.  Reply briefs are limited to ten pages.  Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document.  The table of contents is not included in the page limit. The text of briefs must be double spaced (except for quotations exceeding fifty words, which may be block indented from the left and right margins and single spaced) using fourteen point typeface, preferably Times New Roman.

**B.      Number Submitted**

The parties must **file** the original brief with the Clerk of Court.  The parties must **submit** to chambers, at United States District Court, Federal Building and Courthouse, 2005 University Boulevard, Tuscaloosa, AL 35401, an exact copy of the original, clearly identified as a "courtesy copy," together with a virus-free disk containing an electronic copy of the brief in WordPerfect or Word format.  The parties also shall e-mail to the court's chambers such brief in WordPerfect or Word format.

**C.      Binding**

The Clerk *will not accept bound materials* for filing, but the court's "courtesy copy" of the brief *must be securely bound* (e.g. by three-ring binder or large clip) for ease of use, *and*, to prevent inadvertent loss of pages.  In addition, all pages submitted in the court's "courtesy copy" shall be three-hole punched.

**D.      Manner of Stating Facts**

All briefs submitted either in support of or opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in *separately numbered paragraphs*.  Counsel must state facts in clear, unambiguous, simple, declarative sentences.  All statements of fact must be supported by specific reference to evidentiary submissions.

### 1.   Moving Party's Initial Statement of Facts

The moving party shall list in *separately numbered paragraphs* each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each such statement must be followed by a specific reference to those portions of the evidentiary record that the movant claims supports it.[2]

### 2.   Opposing Party's Statement of Facts

Each party opposing a summary judgment motion also must submit a statement of facts divided as follows.

### a.   Response to Movant's Statement

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving*

---

[2] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

*party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

### b.    Additional Undisputed Facts

The second section may contain additional, allegedly undisputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment.  The second section of the opposing party's statement of facts, if any, shall be clearly designated as such.[3]  The opposing party should include only facts which the opposing party contends are true and not in genuine dispute.

### c.    Additional Disputed Facts

The third section may contain additional, allegedly disputed  facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment.  The third section of the opposing party's statement of facts, if any, shall be clearly designated as such.  Each statement of allegedly disputed facts must be followed by specific reference to those portions of the evidentiary record which both support and contradict the alleged fact.[4]

_____

[3] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph..

[4] The court recognizes that, in some circumstances, a party opposing a motion for summary judgment may want to set out facts which that party claims are true and supported by evidence, but cannot, in good conscience and consistent with Rule 11, say are undisputed.  In such case, the party should include a separate section of fact

### 3.      Moving Party's Reply

The reply submission, if any, shall consist of only the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts.  The moving party's response to the non-moving party's additional claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the non-moving party's additional claimed undisputed facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based.  *All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.*

**The court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**

### REQUIREMENTS FOR EVIDENTIARY MATERIALS

The parties must file with the Clerk of Court, simultaneously with their briefs, all evidentiary materials (*e.g.*, affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions,

---

statements, set out in short declarative sentences and individually numbered paragraphs, which are supported by some evidence but, nevertheless, are in dispute.  When doing so, however, the party should include record citations which both support and contradict the alleged fact.

except those materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion, without re-submitting additional copies of the same documents.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the court will consider such materials. A specific reference must include the exhibit number, page, and when appropriate the line number.

## A.   Organization

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included: *e.g.*, "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e.*, "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.[5] **Counsel are directed to submit entire depositions, even if relying only on excerpts.**

Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½" by 11" page.

---

[5] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41." The court does not, however, require any specific form as long as specific page references are used.

**B.     Number of Sets Submitted**

The parties must **file** one set of evidentiary materials with the Clerk of Court. As soon as possible, the parties must **submit** to chambers, at United States District Court, Federal Building and Courthouse, 2005 University Boulevard, Tuscaloosa, AL 35401, an exact copy of the set of evidentiary materials, clearly identified as a "courtesy copy."  Except for the binding, there must be *no differences* between the filed materials and the "courtesy copy."

**C.     Binding**

The Clerk *will not accept bound materials* for filing, but the court's copy of the evidentiary submission *must be securely bound* — in separately numbered volumes, if necessary — for ease of use and to prevent inadvertent loss of pages.