IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **LARRY G. WALLACE,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No.: 6:20-cv-2083-LSC |
| ) | |
| **JENNMAR,** *et al.*, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' AMENDED COMPLAINT

COME NOW Plaintiffs, Larry and Lori Wallace, by and through their undersigned counsel, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby file Plaintiffs' Amended Complaint, to add James Balcar as a party to this case.

## JURISDICTION AND VENUE

1. Plaintiff Larry G. Wallace is an adult resident of Walker County, Alabama, over nineteen (19) years of age.

2. Plaintiff Lori Wallace is an adult resident of Walker County, Alabama, over nineteen (19) years of age, and at all material times, the spouse of Plaintiff Larry G Walker.

3. Defendant JENNMAR is a Pennsylvania Corporation that at all material times was doing business in Walker County, Alabama.

1

4. Defendant James Balcar is an adult resident of Jefferson County, Alabama, over nineteen (19) years of age, who at all material times, was an employee of Drummond Company, Inc. and mine foreman doing business and working in Walker County, Alabama.

5. **FICTITIOUS DEFENDANTS NO. 1**, **2, and 3** whether singular or plural, being those individuals, firms, partnerships, corporations or other entities whose names are unknown and will be supplied by amendment when ascertained, and who or which designed, engineered, planned, constructed, and/or installed the CANs and/or CANs' system located at the crosscuts 100 through 110 at the Shoal Creek mines where the rib burst injuring Plaintiff Larry G Wallace made the basis of this lawsuit.

6. **FICTITIOUS DEFENDANTS NO. 4, 5, and 6** whether singular or plural, being those individuals, firms, partnerships, corporations or other entities whose names are unknown and will be supplied by amendment when ascertained, and who or which manufactured or assembled the CANs and/or CANs' system involved in the occurrence made the basis of this lawsuit.

7. **FICTITIOUS DEFENDANTS NO. 7, 8, and 9** whether singular or plural, being those individuals, firms, partnerships, corporations or other entities whose names are unknown and will be supplied by amendment when ascertained, and who or which had any role in the placement and location, and failure to warn of

the CANs and CANs' system involved in the occurrence made the basis of this lawsuit.

8. **FICTITIOUS DEFENDANTS NO. 10, 11, and 12** whether singular or plural, being those individuals, firms, partnerships, corporations or other entities whose names are unknown and will be supplied by amendment when ascertained, and who or which assisted and/or participated in the design, installation and/or placement of the CANs and CANs' system involved in the occurrence made the basis of this lawsuit.

9. **FICTITIOUS DEFENDANTS NO. 13, 14, and 15** being those other co-employees, whose names are unknown and will be supplied by amendment when ascertained, and who played a supervisory role in the use, installation, and implementation of the CANs and CANs' system, and who failed to warn of its dangers, and/or who suggested or specified the use and/or placement of the CANs involved in the occurrence made the basis of this lawsuit.

10. On or about April 2, 2018, Plaintiff Larry Wallace was severely injured when a rib burst at approximately crosscut 102 on the West Main Roadway in which CANs were negligently and wantonly installed and placed on only one side of the roadway contributing and/or causing the rib to burst severely injuring Plaintiff Larry Wallace. Prior to this accident, there had been heaving in the area of the crosscut with rib and wall failures. Immediately prior to the rib and wall failure which injured

Plaintiff, Defendant Balcar was supervising and inspecting the replacement of the failed rib and wall, when the rib failed again causing projectiles which nearly injured Defendant Balcar. Thereafter, Defendant Balcar instructed Plaintiff and others to rebuild the failed rib and wall, and Defendant Balcar left the area. Soon thereafter, while Plaintiff was repairing the failed rib and wall, the rib burst again with such force that one of the 6 X 6 green oak timbers ripped from its anchor and launched as a projectile striking Plaintiff Larry Wallace in the head, neck and back causing severe and permanent injuries and damages.

## COUNT I
## NEGLIGENCE

11. Plaintiff adopts and incorporates Paragraphs 1-10, herein.

12. Defendants negligently performed or failed to perform duties owed to Plaintiff in one or more of the following respects:

(a) negligently manufacturing, designing, implementing, and installing the CANs;

(b) negligently using the CANs' system;

(c) negligently failing to warn Plaintiff and others of its danger;

13. As a proximate consequence of Defendants' negligence, Plaintiff was injured and damaged as follows:

(a) He suffered injuries to his head, neck and back;
(b) He was bruised, contused, bleeding and lost consciousness;

(c) He has suffered severe pain and suffering, and will do so in the future;
(d) He suffered mental anguish and emotional distress, and will suffer mental anguish and emotional distress in the future;
(e) He incurred medical bills, and will incur additional medical bills in the future;
(h) He lost income and wages, and will lost additional income and wages in the future;
(i) He lost enjoyment of life, and will do so in the future;
(j) He has suffered permanent damages.

WHEREFORE, Plaintiff Larry Wallace demands judgment against Defendants in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury and the costs of this proceeding.

## COUNT II
## WANTONNESS

14. Plaintiff adopts and incorporates Paragraphs 1-13, herein.

15. Defendants wantonly performed or failed to perform duties owned to Plaintiff in one or more of the following respects:

(a) wantonly manufacturing, designing, implementing, and installing the CANs;

(b) wantonly using the CANs' system;

(c) wantonly failing to warn Plaintiff and others of its danger.

16. As a proximate consequence of Defendants' wantonness, Plaintiff was injured and damaged as follows:

(a) He suffered injuries to his head, neck and back;
(b) He was bruised, contused, bleeding and lost consciousness;
(c) He has suffered severe pain and suffering, and will do so in the future;
(d) He suffered mental anguish and emotional distress, and will suffer mental anguish and emotional distress in the future;
(e) He incurred medical bills, and will incur additional medical bills in the future;
(h) He lost income and wages, and will lost additional income and wages in the future;
(i) He lost enjoyment of life, and will do so in the future;
(j) He has suffered permanent damages.

WHEREFORE, Plaintiff Larry Wallace demands judgment against Defendants in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury and the costs of this proceeding.

## COUNT III
## CO-EMPLOYEE LIABILITY -- ALABAMA CODE § 25-5-11 (1975)

17. Plaintiff adopts and incorporates Paragraphs 1-16, herein.

18. On or about April 2, 2018, and for some time prior thereto, Defendant James Balcar, and Fictitious Defendants 13, 14 and 15, was a supervisor and mine foreman at the Shoal Creek mine. Plaintiff avers that Defendants at all relevant times had the authority and the duty to properly install and place the CANs on the West Main Roadway at or near the location where Plaintiff was severely injured. Plaintiff avers that Defendant James Balcar knew or reasonably should have known that the area along the crosscut where Plaintiff was directed to rebuild the rib and wall was

too dangerous for crews to work and that attempting to replace and/or rebuild the ribs and walls that had failed would likely and probably result in injury or death.

19. The aforesaid wrongful and willful conduct of Defendant James Balcar and Fictitious Defendants 13, 14, and 15, combined and concurred, and as a proximate consequence thereof, Plaintiff Larry G Wallace was caused to be injured and damaged as follows:

(a) He suffered injuries to his head, neck and back;

(b) He was bruised, contused, bleeding and lost consciousness;
(c) He suffered severe pain and suffering, and will suffer pain and suffering in the future;
(d) He suffered mental anguish and emotional distress, and will suffer mental anguish and emotional distress in the future;
(e) He incurred medical bills, and will incur additional medical bills in the future;
(h) He lost income and wages, and will lost additional income and wages in the future;
(i) He lost enjoyment of life, and will do so in the future;
(j) He has suffered permanent damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury and the costs of this proceeding.

## COUNT IV
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

20. Plaintiff adopts and incorporates Paragraphs 1-19, herein.

21. On or about April 2, 2018, and for some time prior thereto, Defendants were engaged in the business of designing, manufacturing, selling, and/or distributing CANs and CANs' systems throughout the United States, including the State of Alabama, for use in mining operations. Defendants, during said period of time and for valuable consideration, designed, manufactured, sold, distributed, and/or installed the CANs and CANs' system which caused Plaintiff's injuries.

22. At the time the CANs and CANs' system was being used, it was in substantially the same condition as when manufactured, sold, distributed, and/or installed, and was being used in a manner that was foreseeable. The CANs and CANs' system was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous when being so used. Defendants knew, or in the exercise of reasonable care should have known, that said CANs and CANs' system was unreasonably dangerous when being so used in a foreseeable manner.

23. The defective and unreasonably dangerous condition of the CANs and CANs' system was the proximate cause of Plaintiff's injuries.

24. The aforesaid wrongful conduct of Defendants, combined and concurred, and as a proximate consequence thereof, Plaintiff was caused to suffer injuries and damages, including but not limited to the following:

    (a)    He suffered injuries to his head, neck and back;
    (b)    He was bruised, contused, bleeding and lost consciousness;

(c) He suffered severe pain and suffering, and will suffer pain and suffering in the future;
(d) He suffered mental anguish and emotional distress, and will suffer mental anguish and emotional distress in the future;
(e) He incurred medical bills, and will incur additional medical bills in the future;
(h) He lost income and wages, and will lost additional income and wages in the future;
(i) He lost enjoyment of life, and will do so in the future;
(j) He has suffered permanent damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT IV
## BREACH OF WARRANTY

25. Plaintiff adopts and incorporates Paragraphs 1-24, herein.

27. On or about April 2, 2018, and for some time prior thereto, Defendants were merchants and sellers of the CANs and CANs' system. Defendants sold the CANs and CANs' system which caused the injuries to Plaintiff.

28. At the time Plaintiff was injured by said CANs and CANs' system, said product was being used for the purpose and in the manner it was intended.

29. The CANs and CANs' system which injured Plaintiff was defective and unmerchantable, i.e., and was not fit for the ordinary purposes for which such products are used due to the hazard of the products causing serious personal injuries.

9

30. Plaintiff has given prior notice to defendants of Defendants' breaches of warranty.

31. The aforesaid wrongful conduct of Defendants, combined and concurred, and as a proximate consequence thereof, Plaintiff was caused to suffer injuries and damages, including but not limited to the following:

(a) He suffered injuries to his head, neck and back;
(b) He was bruised, contused, bleeding and lost consciousness;
(c) He suffered severe pain and suffering, and will suffer pain and suffering in the future;
(d) He suffered mental anguish and emotional distress, and will suffer mental anguish and emotional distress in the future;
(e) He incurred medical bills, and will incur additional medical bills in the future;
(h) He lost income and wages, and will lost additional income and wages in the future;
(i) He lost enjoyment of life, and will do so in the future;
(j) He has suffered permanent damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT V
## NEGLIGENT/WANTON FAILURE TO WARN

32. Plaintiff adopts and incorporates Paragraphs 1-31, herein.

33. Defendants negligently or wantonly failed to warn foreseeable users, including Plaintiff, of the hazards reasonably foreseeable with the use of such CANs

as they were being used, and the policy and procedures to use with said CANs and CAN's systems to avoid injuries and death during such activities.

34. The aforesaid wrongful and willful conduct of Defendants proximately caused Plaintiff to be injured and damaged as follows:

(a) He suffered injuries to his head, neck and back;
(b) He was bruised, contused, bleeding and lost consciousness;
(c) He suffered severe pain and suffering, and will suffer pain and suffering in the future;
(d) He suffered mental anguish and emotional distress, and will suffer mental anguish and emotional distress in the future;
(e) He incurred medical bills, and will incur additional medical bills in the future;
(h) He lost income and wages, and will lost additional income and wages in the future;
(i) He lost enjoyment of life, and will do so in the future;
(j) He has suffered permanent damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury and the costs of this proceeding.

## COUNT VI
## LOSS OF SERVICES AND CONSORTIUM

35. Plaintiff adopts and incorporates Paragraphs 1-34, herein.

36. Plaintiff Lori Wallace is now and at all relevant times was the wife of Plaintiff Larry Wallace, including at the time he suffered the severe personal injuries complained of herein.

37. Plaintiff Lori Wallace avers that as a proximate consequence of the aforesaid wrongful conduct and negligence of Defendants as herein described above, Plaintiff Lori Wallace was caused to suffer injuries and damages, including but not limited to the following:

    (a) Plaintiff Lori Wallace was caused and will be caused in the future to lose the services and consortium of her husband; and

    (b) Plaintiff Lori Wallace was caused and will be caused in the future to suffer great emotional and mental distress and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

Respectfully submitted this 8th day of March, 2022.

*/s/ Lloyd W. Gathings*
Lloyd W. Gathings (GAT001)
Kimberly B. Massey (MAS062)
Attorneys for Plaintiffs

**OF COUNSEL:**
GATHINGS LAW
The Park Building at Magnolia Office Park
2140 11th Avenue South, Suite 210
Birmingham, Al 35205
Telephone: (205) 322-1201
Facsimile: (205) 322-1202
lgathings@gathingslaw.com
kmassey@gathingslaw.com

# JURY DEMAND

**Plaintiff demands a trial by struck jury.**

> */s/ Kimberly B. Massey*
> Of Counsel

**PLEASE SERVE SUMMONS AND COMPLAINT ON THE FOLLOWING DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

**JAMES BALCAR**
c/o Jeannie Walston
Webster Henry
2 Perimeter Park South
Suite 445 East
Birmingham, AL 35243